**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOI ROBERSON** | ) | **CASE NO.1:20CV240** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | |
| | ) | |
| **PLAZA SERVICES, LLC.,** | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

      This matter is before the Court on Defendant Plaza Services, LLC's unopposed Motion to Compel Arbitration and Dismiss Case, or, Alternatively, Motion to Compel Arbitration and Stay Case Pending Arbitration. (ECF # 7). For the following reasons, the Court **GRANTS** the Motion, **ORDERS** the parties to arbitration and **STAYS** the case.

      Plaintiff's Complaint alleges a single claim for violation of the Fair Debt Collection Practices Act ("FDCPA") for failing to report a purported debt as "disputed" to a credit reporting agency. Plaintiff alleges violation of FDCPA, 15 U.S.C. §1692e(8) which prohibits "communicating to any person credit information which is known to be false or which should be known to be false, including failure to report a disputed debt as disputed."

Defendant filed its Answer and on June 19, 2020, filed its Motion to Compel, alleging Plaintiff signed a Promissory Note on September 2, 2016, with NCP Finance Ohio LLC. The Note contained a jury waiver and an arbitration clause. Defendant subsequently purchased the Note from NCP on October 31, 2017, and as part of the purchase, NCP assigned all its rights in the Note to Defendant, including the mandatory arbitration obligation.

The arbitration clause at issue reads as follows:

"BY SIGNING THIS NOTE, WHICH INCORPORATES THIS WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT (THE "ARBITRATION AGREEMENT"), I AGREE TO HAVE ALL DISPUTES BETWEEN NCP FINANCE OHIO, LLC AND ME RESOLVED BY ARBITRATION."

(ECF # 7-2).

It further reads, "In short, if I have any claim against NCP Financial Ohio, LLC or any related third parties (collectively "NCP"), by signing this Note (including this Arbitration Agreement), I agree to resolve those claims through individual arbitration." (*Id.*)

The Note defines "dispute" as:

The word "dispute"should be given the broadest meaning. A dispute includes all claims that relate in any way to the Note, including this Arbitration Agreement, and anything arising from the Note, this Arbitration Agreement or my loan application. "Dispute"also includes claims based upon a breach of a statute, regulation or contract, fraud, or other intentional torts. In short, if I have any claim against NCP Financial Ohio, LLC or any related third parties (collectively, "NCP"), by signing this Note (including this Arbitration Agreement), I agree to resolve those claims through individual arbitration.

Moreover, the Arbitration Clause states that the decision of the arbitrator is "final and binds the parties." (*Id*).

## **LAW AND ANALYSIS**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., manifests "a liberal federal policy favoring arbitration agreements[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *see Seawright v. Am. Gen. Fin. Servs., Inc.*, 507 F.3d 967, 972 (6th Cir. 2007) (Section 2 of the FAA "'embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'") (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006)). "To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration and for orders compelling arbitration when one party has failed or refused to comply with an arbitration agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). All "doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25) Further, "the FAA preempts state laws and policies regarding arbitration." *Id.* at 393 (citing *Southland Corp. v. Keating*, 465 U.S. 1, 10-11, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)); *see also Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) ("the FAA preempts state laws applicable only to arbitration provisions") (quotation marks and citation omitted) (emphasis in original). However, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (quotation marks and citations omitted).

The Sixth Circuit has established a four-pronged test to determine when a party can be

compelled to arbitrate: "(1) the Court must determine whether the parties agreed to arbitrate; (2) the Court must determine the scope of that agreement; (3) if federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable; and (4) if the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Covington v. Kanan Enterprises, Inc.,* No. 1:18-CV-1453, 2018 WL 4411652, at *1 (N.D. Ohio Sept. 17, 2018) (citing *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000)); *see also Javitch*, 315 F.3d at 624 (court must engage in a "limited review" to determine whether the dispute is arbitrable) (citation omitted).

Here, the balance of factors overwhelmingly supports enforcement of the arbitration clause. First, it is undisputed that the parties agreed to arbitrate "all claims that relate in any way to the Note" and "dispute" includes any "breach of a statute." (ECF #7-2). Plaintiff signed the Note and Defendant offers the affidavit of Andrew Simpson, Chief Operating Officer of Defendant, who asserts Defendant purchased the Note and was assigned all rights under the Note, including the right to arbitrate all claims relating to the Note. (*Id*). Plaintiff does not dispute she signed the Note and agreed to arbitrate all claims relating to the Note.

Although Plaintiff has not challenged the assignment the Court further notes that non-signatories to an arbitration agreement who take by assignment may enforce the arbitration agreement. *See Martin v. Cavalry SPV I, LLC,* No. CIV.13-88-GFVT, 2014 WL 1338702, at *8 (E.D. Ky. Mar. 31, 2014) (" .....[C]ourts have allowed similar arbitration agreements to be enforced by or against a non-signatory when the non-signatory assignee succeeded to the rights and obligations of the signatory assignor."); *see also Shaw Group, Inc. v. Triplefine Int'l Corp.,*

4

322 F.3d 115, 120 (2d Cir. 2003).

Second, the arbitration agreement expressly states "dispute" is to be "given the broadest meaning" and governs "all claims that relate in anyway to the Note." (ECF # 7-2). Plaintiff alleges a single claim for violation of the FDCPA for failing to report the alleged balance owed on the Note as disputed. Thus, Plaintiff's claim "relates" to the Note and is covered by the broad language of the arbitration agreement.

Third, FDCPA claims are subject to arbitration clauses. *Martin*, 2014 WL 1338702, at *9; *see also Hodson v. Javitch, Block & Rathbone, LLP*, 531 F.Supp.2d 827, 831 (N.D.Ohio 2008); *Green v. G. Reynolds Sims & Assoc., P.C.,* 2013 WL 1212775 (E.D.Mich. Mar. 25, 2013).

Lastly, this single claim Complaint for an FDCPA violation is referrable to arbitration. Once a court determines a suit is referable to arbitration under the terms of a written agreement, the matter shall be stayed "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (2003). Consistent with this command from Congress, the Court will stay the present proceeding until arbitration is complete.

Therefore, because no party disputes the arbitration agreement is valid and enforceable and because the balance of factors favors arbitration, the Court **GRANTS** Defendant's unopposed Motion to Compel Arbitration (ECF # 7); **STAYS** the above action; and **REMOVES** it from the active docket.

**IT IS SO ORDERED.**

Date: September 16, 2020     s/ Christopher A. Boyko
                                                       **CHRISTOPHER A. BOYKO**
                                                       **Senior United States District Judge**